# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| **WAYNE HOFFMAN and** | ) |
| **LATASHA MITCHELL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )　　**NO. 3:20-cv-00900** |
| | ) |
| **TENNESSEE DEPARTMENT OF** | ) |
| **CHILDREN SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Wayne Hoffman and Latasha Mitchell, Tennessee residents, filed a *pro se* Complaint under 42 U.S.C. § 1983 against the Tennessee Department of Children['s] Services ("DCS"), the State of Tennessee, and Omni Visions. (Doc. No. 1.) Plaintiffs also filed applications to proceed as paupers. (Doc. Nos. 8, 9.) The case is before the Court for consideration of the applications and initial review of the Complaint.

## I.    Applications to Proceed as a Pauper

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). The applications indicate that Hoffman is unemployed and Mitchell has a small income from self-employment. (Doc. Nos. 8, 9.) Their combined income is substantially exceeded by basic expenses. (Id.) They have no bank account balance or assets. (Id.) It therefore appears that Hoffman and Mitchell cannot pay the full filing fee in advance without undue hardship. Accordingly, their applications will be granted.

## II.     Initial Review

The Court must conduct an initial review of the complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

### A.     Standard of Review

In reviewing the complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (quoting Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383; Erickson v.

<u>Pardus</u>, 551 U.S. 89, 93 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. <u>Martin v. Overton</u>, 391 F.3d 710, 714 (6th Cir. 2004); <u>see also</u> <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue").

### B.    Background

The Complaint alleges that, after ex parte and preliminary proceedings in 2018, on May 13, 2019, DCS filed a petition to terminate Plaintiffs' parental rights concerning five minor children. (Doc. No. 1 at 9-10.) On November 19, 2019, after a five-day hearing, the Juvenile Court of Williamson County entered an order terminating Plaintiffs' parental rights on the grounds of severe abuse. (<u>Id</u>.) The Complaint contends that the termination of parental rights was improper. It accuses Defendants, under 42 U.S.C. § 1983, of a variety of misdeeds including kidnapping, fraud, slavery or trafficking, sexual exploitation of children, medical fraud, collusion, abuse, falsifying court documents, not making reasonable efforts for kinship placement, making biased judgments, felony sexual assault, illegal termination of parental rights, violation of due process, and violation of parental rights. (<u>Id</u>. at 2-3, 10-30.) Plaintiff seek monetary damages and injunctive relief in the form of "reinstatement of parental rights for both mother and father and a[n] immediate return of [the] children to their parents," and an order to DCS to "cease and desist" concerning the children. (<u>Id</u>. at 30-31.)

### C.    Analysis

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or

federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

### 1. Claims Against the State of Tennessee and DCS

Each state possesses certain immunities from suit that "flow from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments." Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005) (en banc). Consequently, the State of Tennessee generally has sovereign immunity from suit in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Boler v. Earley, 865 F.3d 391, 409-10 (6th Cir. 2017) (citing Ernst, 427 F.3d at 358). State agencies also enjoy sovereign immunity, Ernst, 427 F.3d at 358 (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)), because a suit against them "is no different from a suit against the state itself." Heithcock v. Tenn. Dep't of Children's Servs., No. 3:14-CV-2377, 2015 WL 4879107, at *5 (M.D. Tenn. Aug. 14, 2015) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Accordingly, DCS is entitled to the benefit of the State of Tennessee's sovereign immunity. See id. at *6 ("There is no serious question as to whether DCS is a state agency protected by Tennessee's sovereign immunity.") (collecting cases).

"There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in Ex Parte Young, 209 U.S. 123 (1908) applies." Boler, 865 F.3d at 410 (citing Puckett v. Lexington-Fayette Urban Cnty. Gov't, 833 F.3d 590, 598 (6th Cir. 2016)). None of these exceptions apply here, because the State of Tennessee has not consented to this suit, "Section 1983 does not abrogate Eleventh Amendment immunity," id.

4

(citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66 (1989)), and "[t]he <u>Ex Parte Young</u> doctrine applies [only] when the lawsuit involves an action against state officials, not against the state itself." <u>Puckett</u>, 833 F.3d at 598 (citing <u>S & M Brands, Inc. v. Cooper</u>, 527 F.3d 500, 507-08 (6th Cir. 2008)). Accordingly, Eleventh Amendment sovereign immunity bars Plaintiffs' claims against the State of Tennessee and DCS. The Court will, therefore, dismiss Plaintiffs' Section 1983 claims against the State of Tennessee and DCS without prejudice for lack of jurisdiction. <u>See</u> <u>Carmichael v. City of Cleveland</u>, 571 F. App'x 426, 435 (6th Cir. 2014) (citing <u>Ernst</u>, 427 F.3d at 367) ("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice.").

## 2. <u>Claims Against Omni Visions</u>

Plaintiffs also bring a Section 1983 claim against Omni Visions, an entity that they allege contracts with the State of Tennessee to provide foster care placements. Plaintiffs allege only that their minor daughter was "raped with ongoing sexual assaults" during a 2017 Omni Visions foster placement. (Doc. No. 1 at 3, 15-16.) A child has a fundamental right that can potentially be vindicated under Section 1983 "to be free from the infliction of unnecessary harm" while in a state-regulated foster home. <u>See</u> <u>Meador v. Cabinet for Hum. Res.</u>, 902 F.2d 474, 476 (6th Cir. 1990). However, this claim must be dismissed for two reasons.

First, a cause of action under Section 1983 is "entirely personal to the direct victim of the alleged constitutional tort," and thus "only the purported victim . . . may prosecute a section 1983 claim." <u>Claybrook v. Birchwell</u>, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); <u>see also</u> <u>Jaco v. Bloechle</u>, 739 F.2d 239, 242 (6th Cir. 1984) (acknowledging that a cause of action under Section 1983 "is a personal action cognizable only by the party whose civil rights ha[ve] been violated"). In other words, an individual typically cannot bring suit under Section 1983 based on

5

violations of another person's constitutional rights. <u>Huntsman v. Sumner Cnty. Jail</u>, No. 3:19-cv-01088, 2020 WL 1061886, at *2 (M.D. Tenn. Mar. 5, 2020) (citing <u>Warth v. Seldin</u>, 422 U.S. 490, 499 (1975)). Further, "no cause of action may lie under section 1983 for emotional distress . . . or any other consequent collateral injuries allegedly suffered personally by [a] victim's family members." <u>Claybrook</u>, 199 F.3d at 357. Here, the Complaint alleges only that Plaintiffs' child was assaulted while in an Omni Visions foster home. This is not a sufficient basis for Plaintiffs to bring their own Section 1983 claim against Omni Visions.

Second, Plaintiffs, acting pro se, may not bring a Section 1983 claim on their child's behalf. While individual pro se parties are permitted to "plead and conduct their own cases personally" without an attorney, 28 U.S.C. § 1654, non-attorneys are not authorized to bring suit on behalf of another person. <u>Adams v. Diamond</u>, No. 3:18-cv-00976, 2019 WL 314569, at *2 (M.D. Tenn. Jan. 24, 2019); <u>Cole v. Robertson Cnty. Sheriff's Dep't</u>, No. 3:18-cv-0497, 2018 WL 3328075, at *2 (M.D. Tenn. July 6, 2018) (citing <u>Coleman</u>, 966 F. Supp. 2d at 769 ("The federal courts have long held that Section 1654 preserves a party's right to proceed pro se, but only on his own claims; only a licensed attorney may represent other persons.")). Thus, a pro se plaintiff typically does not have standing to advance pro se claims on a family member's behalf, <u>Huntsman</u>, 2020 WL 1061886, at *2  (collecting cases), and a parent "can only bring suit on behalf of [a] minor child through an attorney." <u>Adams</u>, 2019 WL 314569, at *2 (citing <u>Shepherd v. Wellman</u>, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.")). Accordingly, Plaintiffs cannot bring a Section 1983 claim on behalf of their minor child unless they are represented by an attorney. <u>See id</u>. (dismissing pro se Section 1983 claim brought by

6

parents on behalf of minor child). Plaintiffs' Section 1983 claim against Omni Visions will, therefore, be dismissed without prejudice.

**IV.      Conclusion**

For the reasons stated above, Plaintiffs' claims against the State of Tennessee, DCS, and Omni Visions will be dismissed without prejudice. The Complaint will be dismissed.

An appropriate order will enter.


WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7